IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-00183-12-CR-W-FJG |
| | ) | |
| KELLI P. CARR, | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "The United States"), represented by Todd P. Graves, United States Attorney and John E. Cowles, Assistant United States Attorney, and the defendant, Kelli P. Carr, represented by, Lance Sandage, Attorney-at-Law.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

**2. Defendant's Guilty plea.** The defendant agrees to and hereby does plead guilty to the sole count of the Information, charging her with Bank Fraud, in violation of 18 U.S.C.

§ 1344. By entering into this plea agreement, the defendant admits that she knowingly committed the charged offense, and is in fact guilty of the offense.

    **3. Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On or about February 18, 2003, in Kansas City, Missouri, Kelli P. Carr did knowingly and willingly participate in a scheme to defraud a Kansas City financial institution, namely United Missouri Bank ("UMB"), whose accounts were insured by the Federal Deposit Insurance Corporation. Specifically, Kelli P. Carr cashed counterfeit checks purporting to be drawn on the UMB account of "Greater KC Linc, Inc.," knowing that the checks were counterfeit and not authorized by the true account holder. The counterfeit checks displayed valid bank routing numbers, account numbers, and scanned duplicates of the authorized signature for the true account at UMB. In this fashion, Kelli P. Carr knowingly and willfully cashed the following counterfeit checks:

| Date | Payee | Check # | Branch | Amount |
| --- | --- | --- | --- | --- |
| 02/18/03 | Kelli J. Carr | 26049 | KCMO | $638.78 |
| 02/18/03 | Kelli J. Carr | 25992 | KCMO | $389.82 |
| 02/18/03 | Kelli J. Carr | 26040 | KCMO | $638.78 |
| 02/18/03 | Kelli J. Carr | 25953 | KCMO | $629.82 |
| 02/18/03 | Kelli J. Carr | 25986 | KCMO | $389.82 |
| 02/18/03 | Kelli J. Carr | 26028 | KCMO | $638.78 |
| 02/18/03 | Kelli J. Carr | 25902 | Raytown | $638.82 |

> Kelli P. Carr agrees that she successfully cashed the seven checks described above, for a total of $3,964.62.

> On or about April 10, 2003, in Kansas City, Missouri, Kelli P. Carr attempted to pass another counterfeit check in the same manner as she had on February 18, 2003. The counterfeit check was on the Gregory Family Dental account at Bank of America, check number 16940 in the amount of $528.74.

**4. Use of Factual Admissions.** The defendant acknowledges, understands, and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining her guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands, and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which she is pleading guilty.

**5. Statutory Penalties.** The defendant understands that upon her plea of guilty, the Court may impose the following maximum penalties:

-- a term of imprisonment of not more than 30 years;

-- a period of supervised release of not more than five years;

-- a fine of not more than $1,000,000;

-- a $100 mandatory special assessment, which must be paid in full at the time this plea agreement is presented to the Court; and

-- and order of restitution.

The defendant further understands that the charge to which she is pleading guilty is a Class B felony.

3

**6. Sentencing Procedures.** The defendant acknowledges, understands, and agrees to the following:

   a.   in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are merely advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable;"

   b.   the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

   c.   in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to five (5) years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

   d.   if the defendant violates a condition of her supervised release, the court may revoke her supervised release and impose an additional period of imprisonment of up to three (3) years may be imposed, without credit for time previously spent on supervised release, and that in addition to a new term of imprisonment, the Court may impose a new period of supervised release, the length of which cannot exceed five (5) years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

   e.   the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

   f.   any sentence of imprisonment imposed by the Court will not allow for parole;

   g.   the Court may order restitution to be paid to victims of the offense to which she is pleading guilty, the conduct charged in any dismissed counts of the indictment, and all other uncharged related criminal activity;

4

    h.    the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office; and

    i.    the defendant may not withdraw her guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7. Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to Bank Fraud as described in the Information for which it has venue and which arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives her right to challenge the initiation of the dismissed or additional charges against her if she

5

breaches this agreement. The defendant expressly waives her right to assert a statute of limitations defense if the dismissed or additional charges are initiated against her following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against her following her breach of this plea agreement, she will not be allowed to withdraw her guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the count to which she has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** The defendant understands that if the Court accepts her plea of guilty and this plea agreement, but imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like, or agree with, she will not be permitted to withdraw her plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The Sentencing Guidelines do not bind the Court and are merely advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable;"

   b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2B1.1(a)(1), which provides for a base offense level of 7;

   c. The offense involved the possession and use of authentication features consisting of bank routing and account numbers and scanned duplications of the authorized signature for the account, which pursuant to U.S.S.G. § 2B1.1(b)(10) increases the offense level to 12;

   c. The defendant has admitted her guilt and clearly accepted responsibility for her actions. Consequently, she is entitled to a two (2) level reduction pursuant to § 3E1.1(a) of the Sentencing Guidelines, reducing the offense level to 10;

   d. The parties agree that the Court and the United States Probation Office must determine her applicable Criminal History Category;

   e. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does **not** bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw her plea of guilty;

   f. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and defendant agrees to not seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the parties to not seek a departure from the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any

7

sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable;"

g. The defendant consents to judicial fact-finding by a preponderance of the evidence of any contested issues pertaining to the determination of the defendant's sentence under the United States Sentencing Guidelines. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence under the Guidelines, may consider any reliable information, including hearsay; and

h. The defendant understands and agrees that the factual admissions contained in paragraphs 3 and 4 of this plea agreement, and any admissions that she will make during her plea colloquy, will serve to support the imposition of the agreed Guidelines calculations contained in this agreement.

**11. Effect of Non-Agreement on Guidelines Applications**. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

8

**13. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a.    oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b.    comment on the evidence supporting the charge in the information;

    c.    oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed; and

    d.    oppose any post-conviction motions for reduction of sentence, or other relief.

**14. Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that she has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a.    the right to plead not guilty and to persist in a plea of not guilty;

    b.    the right to be presumed innocent until her guilt has been established beyond a reasonable doubt at trial;

    c.    the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d.    the right to confront and cross-examine the witnesses who testify against her;

    e.    the right to compel or subpoena witnesses to appear on her behalf; and

    f.    the right to remain silent at trial, in which case her silence may not be used against her.

The defendant understands that by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that if she pleads guilty, the Court may ask her questions about the offense or offenses to which she pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making a false statement. The defendant also understands she has pleaded guilty to a felony offense and, as a result, will lose her right to possess a firearm or ammunition and might be deprived of other rights, such as the rights to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

    a. The defendant acknowledges, understands, and agrees that by pleading guilty pursuant to this plea agreement she waives her right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement.

    b. The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, *i.e.*, a sentence that is contrary to law. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal her sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Waiver of FOIA Request.** The defendant waives all of her rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case

including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. **<u>Waiver of Claim for Attorney's Fees.</u>** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

18. **<u>Defendant's Breach of Plea Agreement.</u>** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw her plea of guilty.

The defendant also understands and agrees that in the event she violates this plea agreement, all statements made by her to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by her before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against her in any and all criminal proceedings. The defendant waives any rights that she might assert under the United States Constitution, any statute, Federal Rules of Criminal Procedure, Section

11

11(e)(6), Federal Rules of Evidence, Section 410, or any other federal rule that pertains to the admissibility of any statements made by her subsequent to this plea agreement.

19. **Defendant's Representations.** The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, her attorneys or any other party to induce her to plead guilty.

20. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the terms and conditions stated in this written agreement constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

21. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this

agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

DATED this_____ day of December 2005.

                                              TODD P. GRAVES
                                              United States Attorney

Dated: _12/2/05_          By    _s/John E. Cowles_
                                                      John E. Cowles
                                                      Assistant United States Attorney

     I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the information. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: _12/2/05_                    _s/Kelli P. Carr_
                                                    Kelli P. Carr
                                                    Defendant

     I am defendant Kelli P. Carr's attorney. I have fully explained to her all of her rights with respect to the offense charged in the information. Further, I have reviewed with her the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with her. To my knowledge, Kelli P. Carr's decision to enter into this plea agreement is an informed and voluntary one.

Dated _12/2/05_                     _s/Lance Sandage_
                                                   Lance Sandage
                                                   Attorney for Defendant